1832.

Warner
v.
Van Alstyne.

---

## WARNER *vs.* VAN ALSTYNE and others.

Where the vendor of land takes no mortgage or other security for the payment of the purchase money, he will have an equitable lien upon the land, in the hands of the heirs of the purchaser, and upon the improvements made upon the land by the purchaser, in his life-time.

The widow of the purchaser takes her dower in the land subject to the equitable lien of the vendor for the unpaid purchase money.

The purchaser of land under a statute sale for the payment of an assessment charged thereon, takes the land discharged from the equitable lien of the original owner, for the purchase money remaining unpaid upon a former sale.

THIS was a bill filed by the vendor of real estate, against the widow and administratrix of the purchaser, and against his infant heirs, to enforce an equitable lien for the purchase money. L. Doty, who had purchased an eighteen months lease of the property, under an ordinance for flagging one of the streets of the village where the property was situated, was

Sept. 3.

also made a party defendant. By the answer of the defendants, it was admitted that the intestate purchased the property from the complainant, for $1000; that $200 of the purchase money was paid, and a bond given for the residue, which bond, with the interest thereon, remained wholly unpaid; and that the intestate died in 1829, after having erected a barn and made other improvements on the premises. The widow, who was the administratrix, alleged that she had fully administered the goods, &c. of the decedent, except about $250, which was found to be in her hands upon accounting before the surrogate; and that there remained due to the other creditors of the estate about $200, over and above the amount of assets in her hands. And she claimed to have her dower in the premises, to the exclusion of the complainant's equitable lien. The defendant Doty, in his answer, set out the proceedings of the trustees of the village of Canajoharie, under which he acquired title to the premises for the term of eighteen months from the 9th of October, 1830, which term expired after the putting in of his answer. The cause was heard on bill and answer.

*D. Cady & J. Rhoades*, for the complainant.

*M. T. Reynolds*, for the defendants.

THE CHANCELLOR. The complainant not having taken any mortgage or other collateral security for the payment of the balance of the purchase money which was not paid down, he is entitled to an equitable lien upon the land, in the hands of the heirs of the vendee, for the payment of such balance. (3 *Russ. Rep.* 488. 1 *Tamlyn. Rep.* 21. 1 *John. Ch. R.* 308. 1 *Paige's Rep.* 20.) As the improvements on the land were made by the purchaser in his life time, his heirs at law have no equitable claim to have the value of these improvements discharged from the lien of the complainant. Even if the principle contended for in behalf of the infant defendants was correct, it could not benefit them in this case. For if they take any part of the estate by descent, discharged of this equitable lien, they will be liable to the complainant as a general

creditor of the intestate, to the value of the estate thus descended to them. As the widow comes in for dower in the estate of her husband by operation of law, and not as a purchaser for a valuable consideration, she takes it subject to the equitable lien of the vendor which attached upon the estate simultaneously with the seisin of the husband. But the unpaid purchase money was a personal debt of the husband, and for which he gave his personal obligation. The equitable lien upon the land was therefore in the nature of a collateral security for the payment of the debt; and, as the law then stood, even if a mortgage had been given, the personal estate of the intestate would have been the primary fund for the payment of this debt. The widow has therefore an equitable claim to have the estate of the intestate which is in the hands of his personal representative, and also that which has descended to his heirs at law, first exhausted in a due course of administration, or upon the equitable principles of marshaling assets, before a resort is had to her dower right in this land for the recovery of the unpaid purchase money. The intestate died previous to January, 1830, and the bond debt of the complainant is therefore entitled to a preference in payment out of his real and personal assets, to the exclusion of simple contract creditors. If there are no other specialty debts, or other debts of a higher degree, and the estate of the intestate in the hands of his heirs and his personal representative is, in the aggregate, sufficient to pay this bond debt, the widow has a right to have the real and personal assets thus applied, so as to discharge her dower from the complainant's lien.

As infants are concerned in this case, and no decree can be made until their rights as well as those of other creditors of the intestate not now before the court as parties are ascertained and settled, it will be necessary to bring the cause again before the court for further directions, after the necessary inquiries have been made by a reference to a master, and when all the creditors of the estate shall have had an opportunity to come in and show the nature and amount of their claims.

The bill appears to have been improperly filed against the defendant Doty, who had acquired a valid title to the land,

1832.

Warner
v.
Van Alstyne.

for a limited period, under the lease from the trustees of the village of Canajoharie. The effect of the ninth section of the act incorporating that village, (*Laws of* 1829, *p.* 491,) is to make the expense of paving, flagging and improving the streets, a specific lien upon the lands adjacent thereto; and to vest in the lessee of the corporation, under a sale made by the trustees, a perfect title to the premises, for the term contained in the lease, discharged of all claims which might be made thereon during that term, either by the legal or equitable owners of the premises. Although the interest of Doty in the premises has now expired, yet, as he was improperly and unecessarily made a party, and was compelled to appear and defend his title to the property while that right continued, the bill must be dismissed as to him, with such costs as he has necessarily incurred.

There must be a reference to a master residing in the county of Montgomery, to inquire and report as to the rights of the infant defendants, and whether the allegations in the bill, so far as concerns their rights, are true. The master must also compute and ascertain the amount which is due to the complainant for principal and interest on his bond, and must also inquire and report as to the amount of assets in the hands of the administratrix unadministered; taking the balance as settled by the decree of the surrogate to be correct, if the account before him was taken after due notice to all parties interested so as to make that accounting final according to the statute. The master must also be directed to take an account of the debts due from the intestate and the nature of such debts, whether due by judgment or decree, or by specialty, or otherwise, and to give due notice to the creditors to come in and prove their demands, according to the provisions of the statute; (2 *R. S.* 183, § 106;) to the end, that, on the coming in and confirmation of the master's report, such decree may be made in the premises as shall be just. And all further questions and directions are to be reserved until the coming in of that report.