OBADIAH HERBERT *v.* REBECCA SCOFIELD and others.

1. The acknowledgment of the receipt of the consideration money in a deed is *prima facie* evidence that the consideration is paid. But it is not conclusive. The grantor may show that the consideration was other than a moneyed consideration, or if a moneyed consideration, that in whole or in part it was unpaid.

2. The acknowledgment of payment in a deed is a receipt for the consideration money, and if the grantor impeaches that receipt it must be clearly made out to the satisfaction of the tribunal to which an appeal is made for redress.

3. Where a complainant comes into court with a sworn bill, and it turns out upon investigation of the case that the bill has been framed with skill and care to avoid an impression which would be made by an ingenuous statement of the case, the complainant assumes a position in the court which deprives him of the benefit of doubts which might otherwise be resolved in his favor.

4. A disingenuous bill which is sworn to, is quite as obnoxious to the censure of the court as a disingenuous answer.

On bill and cross-bill.

*Mr. J. Vandyke,* for Obadiah Herbert, complainant in original bill.

*Mr. J. Scudder,* for Rebecca Scofield, complainant in cross-bill.

*Mr. W. Halsted,* for Hiram S. Parsons.

THE CHANCELLOR. Obadiah Herbert filed his bill on a mortgage which had been executed to him by Rebecca Scofield. There is no dispute as to the rights of the complainant in the original bill. The controversy is between Rebecca Scofield and Hiram S. Parsons, under the cross-bill.

The case made by the cross-bill is this: That on the 30th of May, 1842, Obadiah Herbert, to secure a debt of $2,000, which he owed Jane Kirkpatrick, executed to her his bond and mortgaged the lands in controversy.

On the first of August, 1842, Herbert conveyed the

mortgaged premises to Josiah Bennet. On the 11th of December, 1843, Josiah Bennet conveyed to Jacob C. Bennet, and on the 12th of April, 1848, Jacob C. Bennet conveyed to Rebecca Scofield.

The consideration of the conveyance to Rebecca Scofield was $3000. She paid one thousand dollars down. By an agreement entered into between herself, her grantor, and Obadiah Herbert, she gave her bond to Obadiah Herbert in the penal sum of $4000, conditioned to pay to Jane Kirkpatrick the said bond, to secure $2000 which she held against Obadiah Herbert.

On the 5th of April, 1849, Rebecca Scofield conveyed part of the lands to Hiram S. Parsons for the consideration of $2500. The cross-bill alleges that $1500 of this consideration money was paid in cash, at the time of the delivery of the deed, and that the balance, which was $1000, Hiram S. Parsons agreed to pay to Obadiah Herbert, in satisfaction of so much of the Jane Kirkpatrick bond and mortgage, and that he has not paid the thousand dollars, and refuses to do so.

The cross-bill prays that Rebecca Scofield may be decreed to have a lien on that part of the premises held by Hiram S. Parsons, for the thousand dollars, as the balance of the purchase money due her, and that it may be first sold to raise the money necessary to pay off the bond and mortgage of Obadiah Herbert.

There is no difficulty as to the law applicable to the case. If one thousand dollars of the purchase money agreed to be paid by Hiram S. Parsons remains unpaid, Rebecca Scofield has an equitable lien upon the premises for the money. *Sugden* 352, 353; *Chapman* v. *Tanner*, 1 *Vern.* 267; *Pollexsen* v. *Moore*, 5 *Atk.* 272; *Story's Eq. P.*, § 1217, *and note* (4); *Warner* v. *Van Alstyne*, 3 *Paige* 515; 7 *Wheaton* 46.

The deed expresses the consideration to be twenty-five hundred dollars in money, the receipt of which is thereby acknowledged. This is *prima facie* evidence that the consideration money was paid. But it is not conclusive. The grantor may show that the consideration was other than a

moneyed consideration, or if a moneyed consideration, that in whole or in part it is unpaid. As to the extent a party may go in impeaching the consideration, the cases are conflicting, but thus far I think it is settled by the weight of authorities. *McCrea* v. *Purmort*, 16 *Wend.* 460 ; *Wilkinson* v. *Scott*, 17 *Mass.* 249, and cases there cited.

The acknowledgment of payment in the deed is a receipt for the consideration money, and if the grantee impeaches that receipt, it must be clearly made out to the satisfaction of the tribunal to which an appeal is made for redress.

The allegation of the complainant in the cross-bill is that the consideration was $2500, as expressed in the deed—that $1500 was paid in cash, and the balance of one thousand dollars Hiram S. Parsons agreed to pay to Obadiah Herbert, on a bond and mortgage of two thousand dollars which he held against the complainant. The defendant denies he made any such agreement, and the complainant has not made it out satisfactorily by proof. As evidence of the agreement, the bill charges that Hiram S. Parsons made one payment of interest on the one thousand dollars to Herbert, and that he offered to pay him the principal. This the answer denies. The testimony of Herbert would seem to sustain these allegations of the bill. But the witness does not speak with much certainty, and the explanations made by Charles B. Parsons, a witness on the part of the defendant, impairs very much the force of Herbert's evidence. Charles B. Parsons says his father lent the money to Chauncy Parsons to pay the interest. Herbert says both Hiram S. Parsons and complainant were there—that the interest was paid on the $2000—he cannot tell who paid it, but he understood the interest was paid between them. As to the offer to pay one-half the bond, Herbert does not fix with certainty the *time* when the offer was made. In explanation of this circumstance, Charles B. Parsons, while he also proves that the offer was made, makes it to have been before the deed was delivered, and before the settlement as to the consideration.

But still, although the complainant does not show that

one thousand dollars was, by agreement, to be paid on the Herbert mortgage, if the proof was satisfactory that any certain portion of the purchase money remained unpaid, it would be an equitable lien on the premises, and the complainant would be entitled to relief.

But the proof must be satisfactory. If it leaves the matter doubtful, the acknowledgment in the deed is a protection to the grantee.

I must confess the pleadings and the evidence leave it very doubtful whether all the purchase money has been paid. The conviction produced upon my mind is rather that it has not all been paid. And yet, I do not see my way clear to afford the complainant any relief. He does not make out a clear case, and no one can say, with any certainty, as to the amount, if any, remaining unpaid.

The case is embarrassed by the bill. It is an injunction bill, and is sworn to. The complainant should have stated her case with accuracy. She has not done so. Where a complainant comes into court with a sworn bill, and it turns out, upon investigation of the case, that the bill has been framed with skill and care, to avoid an impression which would be made, by an ingenuous statement of the case, the complainant assumes a position in the court which deprives him of the benefit of doubts, which might otherwise be resolved in his favor. A disingenuous bill which is sworn to, is quite as obnoxious to the censure of the court, as a disingenuous answer.

It is manifest that the impression intended to be made by the bill was that at or about the time of the execution of the deed, the sum of fifteen hundred dollars was paid in cash and at the same time the understanding had as to the manner in which the balance was to be paid. The answer denies this was so, and a careful examination of the bill will show that this denial may be reconciled with the statements of the bill in this particular.

The bill states that Parsons agreed to pay the complainant for the premises the sum of two thousand five hundred dollars. That the sum of one thousand five hundred dollars,

it was agreed, should be paid in cash, and the balance applied on the Herbert mortgage. Then, in a subsequent part of the bill it is stated, " that the said deed was received by the said Hiram S. Parsons, upon the terms and conditions last aforesaid." And again, " that the said Hiram S. Parsons, at or about the time he received the deed, paid to the complainant the sum of one thousand five hundred dollars, as he agreed to do as before stated."

The defendant, by his answer alleges that he paid of the consideration money two thousand dollars, by giving credit for that sum to Chauncey Parsons, the son-in-law of the complainant; and that he paid the balance of five hundred dollars at a future day. I am well satisfied from the whole case, that neither the statement of the bill, or the answer, is to be relied upon, as to this part of the transaction. The defendant has shown, by every witness he examined, that very little, if any reliance, is to be placed upon his answer.

As the defendant admits that at the time the deed was delivered, there was five hundred dollars of the consideration unpaid ; and has thereby shown, that although the acknowledgment in the deed is for two thousand five hundred dollars, only two thousand dollars was actually paid. I should have been inclined to have declared the five hundred dollars a lien on the premises, was I not satisfied of the want of ingenuousness in the complainant in presenting her case in her bill.

As to her holding the property to protect it from Chauncey Parson's creditors, I think nothing of that. There is no evidence to warrant the charge. But it is very plain, from the whole case, that the arrangement for the payment of the consideration money was not as stated in the bill, and that Chauncey Parsons had some connection with this part of the transaction, which the complainant, for some reason, has suppressed.

There is a mystery in the matter which I cannot unravel. My conclusion is, the complainant has not proved her case. I feel justified, however, in dismissing the cross-bill without costs.

The complainant in the original bill must take a decree for a sale of the mortgaged premises—to sell, first, the part owned by Rebecca Scofield, and to raise any balance out of the part owned by Hiram S. Parsons, but no other costs than those of the complainant, Obadiah Herbert, to be raised out of the mortgaged premises.