87   441
s89   456

HORACE E. FIELD *vs.* PETER H. LANG.

Somerset.   Opinion April 16, 1895.

*Dower.   Deed.   Lien.   Trespass.*

A widow's release of her right of dower, except to a party in possession or in privity of the estate, before it is assigned to her, is without effect.

Where the defendant in accordance with plaintiff's direction, purchased the widow's dower before assignment, acting and intending to act for the plaintiff's benefit, and took the deed without covenants in his own name for the plaintiff, who owned the residue of the premises, and paid the consideration therefor, *Held:* that the defendant did not thereby acquire an equitable lien upon the premises to secure his advances, nor any right to possession of the same, or to take any of the products of the land; but would be liable to an action of trespass *quare clausum,* if he entered upon the premises and cut grass thereon, without consent of plaintiff, who acquired the dower rights by levy after assignment and before the trespass.

ON MOTION AND EXCEPTIONS.

This was an action of trespass, *q. c.,* in which a verdict was returned for the defendant, and the plaintiff took exceptions and moved for a new trial.

The case is stated in the opinion.

*Henry Hudson,* for plaintiff.

*Frank W. Hovey,* for defendant.

The defendant was placed in control of the premises by the plaintiff in 1890, and being authorized by plaintiff to purchase the premises, the plaintiff is estopped from bringing this action.

Estoppel : *Tindall* v. *Den,* 1 Zab. 651 ; *Kelley* v. *Kelley,* 23 Maine, 192 ; *Wendall* v. *Van Rensselaer,* 1 Johns. Chan. 344 ; *Beaupland* v. *McKeen,* 4 Casey (Pa.), 124.   Defendant's lien : *Donald* v. *Hewitt,* 33 Ala. 534 ; *Peck* v. *Jenness,* 7 How. 612, 622 ; Story's Eq. 13th Ed. §§ 674, 1217 ; *Perry* v. *Board of Missions,* 102 N. Y. 99.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, STROUT, JJ.

STROUT, J.   Trespass *quare clausum* upon a parcel of land which had been assigned to Lucinda H. Field, as her dower in the farm of Cyrus Field.   Plaintiff acquired title to this parcel

by levy on execution against Lucinda. He also had title to the residue of the farm. Defendant denied the act of trespass alleged. He also claimed that at the request of the plaintiff, and for him, he had obtained from Lucinda a quitclaim to himself of her right of dower in the Cyrus Field farm, which had not then been assigned and set out to her, and also title to certain personal property which had been allowed by the judge of probate from the estate of Cyrus, for all which he paid three hundred and fifty dollars of his own money; and that he did this at the request of and for the plaintiff, and in consequence had an equitable lien upon the parcel of land afterward set out to Lucinda for her dower, to secure the repayment of the amount he had paid for her release, and for the personal property. Upon this claim the presiding judge instructed the jury that: "If the defendant was requested by the plaintiff to purchase for him the dower interest of the widow and certain personal property at a certain definite price, or not to exceed a certain price, and if successful in making the purchase, to take the deed in his, defendant's name, and pay the consideration for the same; and if the defendant in compliance with the request and in accordance with the plaintiff's directions purchased the widow's dower and other property, acting and intending to act for the plaintiff and for his benefit, and took the deed in his name for the plaintiff, paying the consideration therefor, then as between the defendant and the plaintiff who afterward acquired title, the defendant would have an equitable lien upon the premises as security for the amount advanced; and until payment, defendant would be entitled to the possession of the property and plaintiff would be estopped from commencing or maintaining suits for such acts as are complained of in this suit." To this instruction the plaintiff excepted.

The case shows that defendant took to himself a deed of release of dower, without covenants, from Lucinda H. Field on September 13, 1890. At that date her dower had not been assigned, and defendant had no interest then or afterward in the Cyrus Field farm, to which the dower interest attached. Her deed, therefore, conveyed nothing; and the jury was so instructed. *Johnson* v. *Shields*, 32 Maine, 424.

Subsequently the dower was assigned, and the widow's title passed to the plaintiff by levy on execution. At the date of the alleged trespass, plaintiff was the owner in fee of the Cyrus Field Farm, including that portion assigned to Lucinda as her dower.

If the deed from Lucinda to the defendant had conveyed title, no question of lien could have arisen. The futile attempt to obtain the dower title, under the alleged arrangement with plaintiff, did not create an equitable lien upon the land afterward assigned to the widow as her dower against the plaintiff, who acquired legal title from her after the assignment. Taking her release without covenants, failure to obtain title thereunder, did not furnish defendant cause of action to recover the money paid, in the absence of fraud. *Soper* v. *Stevens*, 14 Maine, 133. Equity will not accomplish an opposite result through an equitable lien, against the widow, or her grantee.

If defendant had procured a release of dower to the plaintiff, at his request, he might have had a lien upon the land for his advances, as was held in *Perry* v. *Board of Missions*, 102 N. Y. 99. But he purchased in his own name with his own money, and took a release to himself, which failed to transfer either legal or equitable title, and no equity exists to afford him a lien upon the after acquired legal title of the plaintiff.

But if an equitable lien had existed, the instruction excepted to was too broad. Such liens are neither a *jus ad rem*, nor a *jus in re*, but a right of a special nature over the thing, which may, by proper process, be sold or sequestered under a judicial decree, and the proceeds in the one case, or the rents and profits in the other, applied upon the demand of the party holding the lien. But such party is not entitled to possession of the thing, nor to the rents and profits, except under a judicial decree. This is a distinguishing feature between equitable and legal liens. Pomeroy's Equity, § 1233; *Bruce* v. *Duchess of Marlborough*, 2 P. Wms. 491; *Knott ex parte*, 11 Vesey, 609, 617. The holder of such lien could not justify under it the acts complained of in this suit.

*Exceptions sustained.*