# MARYLAND REPORTS.

### April and October Terms, 1898.

## WM. S. G. WILLIAMS, Executor *vs.* W. BEATTY HARLAN, Trustee, et al.

*Lien of one Co-tenant for money expended on Permanent Improvements—Subrogation of Lender of money to lien of Co-tenant—Parties to bill for Enforcement of Lien— Injunction to Restrain Partition—Demurrer—Appeal.*

When one tenant in common of an estate expends money in making permanent improvements thereon, at the request of his co-tenants and for the benefit of all, he is entitled to a lien for the amount so expended upon the shares of the other tenants.

And a third party who lends money to one tenant in common for the purpose of making such improvements, at the request of the other tenants, is subrogated to the rights of such tenant and is entitled to a lien on the property for the amount so expended.

Upon a bill to subject land owned by tenants in common to a lien for improvements erected thereon with money loaned by the plaintiff, one of the tenants, who has conveyed all his interest in the property to a trustee for creditors, is not a necessary party.

An injunction lies to restrain a contemplated partition of real estate owned in common whereby the lien of the plaintiff thereon for money loaned by him for improvements made by the tenants will be destroyed.

VOL. 88                    I

No grounds for a demurrer to a bill in equity will be con-
sidered on appeal from an order sustaining the demurrer
unless such grounds were set forth in the demurrer, under
Code, Art. 16, sec. 136.

. Appeal from a decree of the Circuit Court for Har-
ford County (WATTERS, J.) dismissing the bill of com-
plaint.

The cause was argued before McSHERRY, C. J.,
BRYAN, FOWLER, BRISCOE and BOYD, JJ.

*William H. Dawson* and *Stevenson A. Williams*, for
the appellant.

*J. J. Archer* (with whom was *W. Beatty Harlan* on the
brief) for the appellees.

FOWLER, J., delivered the opinion of the Court.

Certain real estate consisting of a farm of one hundred
and twenty acres and the buildings thereon, located in
Harford County, Maryland, constitutes the subject of
this controversy. By the will of the late Elizabeth B.
Williams the farm in question was devised to her
daughter, Maria B. Greenway, for life, with remainder
in fee to her children. Mrs. Greenway the life-tenant
died intestate in 1893 leaving four children, Mary, Eliz-
abeth, William H. and Edward. The latter conveyed
all his interest in the farm to his sister Mary, and Wil-
liam H. Greenway conveyed his interests in the same
to the appellee W. Beatty Harlan in trust for the benefit
of his creditors.

The bill in this case was filed in the Circuit Court
for Harford County by the executor of the will of the
late George Hawkins Williams of Baltimore City in his
own behalf and in behalf of all other creditors of said
William H. Greenway in like condition with himself.
It alleges that the life-tenant Mrs. Greenway and her
two daughters and her son William being anxious to
occupy the premises as a home and residence, and the
same being without buildings or improvements of any

Md.]          Opinion of the Court.

kind upon it, applied to the plaintiff's testator, who was
the brother of Mrs. Greenway, to assist them in raising
the necessary money to make the desired improvements.
Being willing to aid them, but unwilling to assume the
entire liability for the large amount of money requisite,
he endorsed at their request five promissory notes of
said William H. Greenway amounting in the aggregate
to the sum of eight thousand five hundred dollars,
the whole of which has been paid, partly by the said
testator, Williams, and the balance by the appellant, his
executor. It is further alleged that the money so pro-
cured from, and in fact advanced by, said Williams and
his executor, was used by the said Wm. H. Greenway
and his co-tenants " with full knowledge on their part
from whence the said money was derived, and that the
same was simply a loan, in the erection of a dwelling-
house, barn, stable and other out-buildings " upon the
land mentioned in the bill. The bill charges that the
co-tenants, Elizabeth W. and Mary B. Greenway and
W. Beatty Harlan, trustee of William H. Greenway,
intend and are about to make a specific partition of the
said land by which the latter as such trustee is to have
one-fourth of said 120 acres, which partition, if con-
summated, will be, it is alleged, grossly inequitable to
the plaintiff and to all the other creditors of said Green-
way, as they will, by reason of such partition, " receive
from said property a much smaller proportion of its
value than the share of Wm. H. Greenway, and will
thereby suffer great loss." It is also distinctly alleged
that the farm as a whole, together with the improve-
ments thereon placed with the money advanced by the
plaintiff and his testator, represents a larger value than
the several parts thereof would realize if sold in smaller
portions, at the same time setting forth the facts upon
which this allegation is based. In addition to this there
is also an allegation that the land is not capable of par-
tition in kind without loss and injury, accompanied with
a claim on the part of the plaintiff that he is entitled to
have the land sold as a unit, and an account taken of
how and to what extent the same has been benefited by

the expenditures of the money advanced as we have
described, and asking that the sum so ascertained, with
the value of Wm. H. Greenway's share in the land
itself, may be paid over to his trustee to be distributed
according to law, to the payment of his debts.  An in-
junction is also prayed to restrain the defendants, from
attempting to make the alleged contemplated partition
until the rights of the plaintiff and other creditors of
said Greenway can be determined.

We have thus at length set forth the substantial aver-
ments of the bill, because the defendants demurred to it,.
and their demurrer was sustained.   From the order of
the Court below sustaining the demurrer the plaintiff
appealed.

The question presented is whether on the facts set
forth in the bill the plaintiff is entitled to the relief
prayed, namely, a sale of the whole property, together
with the improvements, and to an ascertainment of the
share of Wm. H. Greenway as set forth in the bill, and
also to the injunction as prayed.

It may be observed that the demurrer, as appears
from the argument of counsel for the defendants, was
based largely on a misconception of the theory of the
bill.   A sale is not asked by the plaintiff for the purpose
of partition or division of the proceeds of sale, because
the land is incapable of division without loss or injury,
as was suggested, but the whole contention of the plain-
tiff now is, whatever may have been his contention in
the Court below, that he is entitled to have a sale so as
to work out his equitable lien for the money alleged to
have been advanced and used for the purpose of enhanc-
ing the value of the land.   And therefore while it is true
.that the plaintiff would have no standing under 'the
provisions of Art. 16, sec. 116 of the Code, because he
is neither a joint tenant, tenant in common, parcener nor
a concurrent owner, yet the question remains whether
under all the circumstances of this case he has not an
equitable lien on the land and improvements, and if
so, whether he may not work out such lien in the man-
ner he is now attempting to do under this proceeding.

There can be no question that as between Wm. H. Greenway, and his co-tenants he would be entitled to a lien for the amount expended by him on improvements and repairs made upon the joint property with their knowledge or at their request or in good faith for the benefit of all. This doctrine is fully settled by all the authorities. Mr. Pomeroy in his *Equity Jurisprudence*, section 1239 says: " When two or more persons are joint-owners of real or other property, and one of them in good faith for the joint benefit, makes repairs and improvements upon the property which are permanent, and add a permanent value to the entire estate, equity may not only give him a claim for contribution against the other joint-owners with respect to their proportional shares of the amount thus expended, but may also *create a lien* as security for such demand upon the undivided shares of the other proprietors." To the same effect 13 Am. and Eng. Encyl. of Law, p. 602; *Green* v. *Putman*, 1 Barbour 500; *Hall* v. *Piddock*, 21 N. J. Eq. 311; *Gavin* v. *Carling*, 55 Md. 530.

But it is not the joint tenant or owner himself who in this case is claiming the benefit of the equitable lien; but it is his creditor who advanced the money which made it possible to make the improvements, and thereby create the enhanced value. It seems to us that *this* creditor has a strong equity as *against these defendants*. There is no question here as between the plaintiff and other creditors of the defendants or *bona fide* purchasers without notice of his equitable lien, but the claim is that inasmuch as there is no such question involved the plaintiff is entitled to be subrogated to the rights of William H. Greenway, who as we have seen, beyond doubt has a lien on the land for the amount expended in improvements and repairs.

Bearing in mind that the money claimed by the plaintiff was practically loaned by the testator and his executor for the express purpose of erecting the dwelling house and other buildings with the full knowledge of all the defendants, we think a Court of Equity ought not to hesitate to recognize the right of the plaintiff to stand

in the shoes of the tenant in common, who it is conceded would have a lien if he were claiming it.   He or his trustee, if he would make the claim could enforce it against the other defendants, and if the trustee refuses or neglects to do so, this plaintiff in his own behalf and for the benefit of other creditors should be allowed to proceed under the bill filed in this case.   Upon the notes or evidence of debt the insolvent would at law alone be responsible, and unless the plaintiff can enforce his claim againt the interest in the land of all the defendants he would practically be deprived of any remedy which would enable him to recover the money advanced for the benefit of all.   *Perry* v. *Board of Missions*, 102 N. Y. 99.   JUDGE STORY says Courts of Equity have not confined " the doctrine of compensation or lien for repairs and improvements to cases of *agreement* and *joint purchasers;* but have extended it to other cases where the party making the repairs and improvements has acted *bona fide* and innocently, and there has been a substantial benefit conferred on the owner, so that *ex aequo et bono,* he ought to pay for such benefit." *Equity Juris.,* sec. 1235.   And again in sec. 1234 he says that this equitable lien " arises from contract *express* or *implied* between the parties, and sometimes it is created by Courts of Equity upon mere principles of *general justice,* especially where any relief is sought by the party who ought to pay his proportion of the money expended * * * for in such cases the maxim well applies ' *Nemo debet locupletari ex alterius incommodo.*' "   We think these general principles so clearly expressed by JUDGE STORY should be applied to the facts of the case before us, although it is true that neither the plaintiff nor his testator actually made the improvements.   *Perry* v. *Board of Missions, supra: Gavin* v. *Carling, supra.*   In the New York case just cited the appellant had, at the request of the Bishop of the Diocese, loaned money to make certain improvements on Church property.   He filed a bill to have a lien declared in the nature of a mortgage upon the premises on which the improvements had been erected with the money he advanced.  · It was held that he was

entitled to the lien, and it was said that although he was not the vendor of the land, and could not, therefore, be said to have a vendor's lien, yet he added to the value of the land and his money fitted it for the purpose for which it was intended. "The plaintiff's case," said the Court, "is within the general doctrine of equity which gives a right equivalent to a lien, when in no other way the right of the parties can be secured. The repairs and improvements were permanently beneficial to the property, made in good faith, with the knowledge and approbation of the parties interested and accepted by them. The plaintiff's right to remuneration is clear, and unless the remedy sought for in this action is given, there will be a total failure of justice." In the case of *Gavin* v. *Carling, supra,* the same view was taken.

What we have said disposes of the controlling question raised by the demurrer. But it was further objected that the bill is defective (1) for want of necessary parties: (2) because the land here involved is not sufficiently described: (3) because the evidence of the indebtedness is not sufficiently set forth and finally, because the facts alleged do not make out a case for injunction.

These objections we will briefly consider. 1. All the parties having any interest in the land are made parties to this proceeding. Wm. H. Greenway having conveyed his interest to his trustee, Mr. Harlan, is not interested in this controversy—except, perhaps, to see that the proceeds or his share thereof shall be properly applied to the payment of his debts. His trustee being one of the defendants who it is alleged are about to consummate the alleged inequitable partition sought to be enjoined could not, of course, be a plaintiff in this proceeding. 2 and 3. We think the land as well as the evidence of the debt are sufficiently described. However these two last mentioned grounds of demurrer are not included among the special grounds relied on below, and will not, therefore, be now considered. Sec. 136, Art. 16 Code.

The last objection suggested by the defendant is that the bill does not make a case for injunction. But if we

are correct in the conclusion we have already announced, that the plaintiff has an equitable lien which may be enforced under this bill, and that this lien will be destroyed by the alleged intended partition, there can be no question but that the injunction should issue. It would be useless to say the lien is good, and at the same time declare that it cannot be enforced. In the case of *Hall* v. *Piddock, supra,* it was held that equity will restrain, at the instance of a tenant in common, partition proceedings commenced at law for an unequal division, such as this is alleged to be. As we have said before, this plaintiff in order that justice may be done, should be subrogated to the rights of his immediate debtor, Wm. H. Greenway, and especially to that right which we have seen is accorded to him by all the authorities, namely, the right to a lien and a sale to make it effective.

There is no question now before us as to the distribution of the fund sought to be created by the sale asked for by the bill, for the prayer is that the share of Wm. H. Greenway may be paid to his trustee and be " distributed among the creditors of said Greenway in the manner prescribed by law."

*Order reversed with costs, and*
*cause remanded.*

(Decided June 28th, 1898.)