ANNA GOLDBERG *vs.* MORRIS NOVICKOW ET AL.

*Market Stalls—Injunction to Restrain Execution—Bill to Va-
cate Assignment of Market Stall—Evidence.*

A right to use and occupy a market stall is an easement which
may be transferred by bill of sale.

No injunction will be granted to restrain the execution of a
judgment which has already been executed.

Plaintiff's bill alleged that she was the owner of a market stall;
that the defendant claimed to be the owner of the stall under
a bill of sale alleged to have been executed by her and pro-
viding that she should occupy the same as tenant at a weekly
rental; that she had never executed the alleged bill of sale,
and that the defendant had obtained by fraud a judgment
against her for the restiution of the stall and for rent claimed
to be due.   The bill prayed that the bill of sale for the stall
and the judgment be declared null and void; that the defend-
ant be enjoined from executing the judgment and from inter-
fering with plaintiff's possession of the stall.  *Held,* upon an
examination of the evidence, that the allegations of the bill
are not sustained, but that the plaintiff had duly executed
the bill of sale of the stall and that the judgment had not
been obtained by fraud.

*Decided March 31st, 1910.*

Appeal from the Circuit Court of Baltimore City (HEUIS-
LER, J.).

The cause was argued before BRISCOE, PEARCE,
SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Horton S. Smith* and *Israel S. Gomborov* (with whom was
*Stephen P. Campbell* on the brief), for the appellant.

*Linwood L. Clark,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill, in this case, was filed on the 6th day of January, 1909, in the Circuit Court of Baltimore City, by Anna Cooper, now Anna Goldberg, the appellant, a sister, against the appellee, a brother, to vacate and set aside, a bill of sale purporting to have been executed on the 26th day of December, 1895, by the appellant, conveying and transfering to the appellee, all her right, title and interest in and to a market stall, situate in Belair Market, Baltimore City, and known as Fish Stall No. 7. A certified copy of the bill of sale, from one of the Land Record Books of Baltimore City where recorded is filed as Plaintiff's Exhibit No. 1, and is as follows:

"I, Anna Cooper, of Baltimore, in the State of Maryland, in consideration of the sum of three hundred dollars paid me by Morris Novickow, of the State and City aforesaid, do hereby bargain and sell to the said Morris Novickow the following property: one stall at Belair Market, in said City, known and described as fish stall No. 7, with all right, title and interest appertaining thereto, the said Anna Cooper to retain possession and use the above designated stall for the purpose of selling fish thereon at a weekly rental of one 50/100 dollars (1 50/100), payable in advance to the aforesaid Morris Novickow.

Witness my hand and seal this 26th day of December, 1895.

|                    | her             |        |
|--------------------|-----------------|--------|
| Witness:           | ANNA (X) COOPER. | (Seal) |
| THOS. C. BAILEY."  | mark            |        |

This bill of sale appears to have been duly acknowledged by Anna Cooper, on the 26th of December, 1895, before Thomas C. Bailey, a Justice of the Peace, of the State of Maryland, in and for Baltimore City and the proper affidavit was made by Morris Novickow that the consideration therein set forth was true and bona fide as therein stated. It was properly recorded on the same day of its execution among the Land Records of Baltimore City.

The bill also seeks to have declared null and void, a judgment obtained by the appellee against the appellant, before

William J. Cook, a Justice of the Peace, of the State of Maryland, in and for Baltimore City, in the following words and figures:

"December 15th, 1908, parties appeared, trial had in favor of plaintiff for the restitution of the premises, fish stall No. 7, Belair Market, and nine hundred and eighty-eight dollars rent found due.

"Witness my hand and seal.

WILLIAM J. COOK, J. P."

"In the case of Morris Novickow against Anna Cooper, Stall 7, fish market, Belair Market. Docket A., No. 226."

"Return of Constable, in the warrant of summary eject- ment."

"Property turn over to plaintiff, Wm. E. Shul, Consta- ble."

The bill charges: first, that the appellant is the occupant and licensee of Stall No. 7, in Belair Marnet, Baltimore; second, that the stall is the property of the estate of Jonas Cooper, her deceased husband, late of Baltimore City; third, that the paper writing purporting to be a bill of sale, from her (Anna Cooper, now Anna Goldberg), to Morris Novic- kow, the appellee, was filed for record in the Superior Court of Baltimore City; fourth, that this paper writing was not executed by her, nor by anyone with her consent even, if she had the right to convey it, which is denied; fifth, that the judgment rendered by Wm. J. Cook, a Justice of the Peace. on the 15th day of December, 1908, in favor of the appellee against her, for the possession and restitution of the stall, and for rent, was obtained through false representations and fraud of the appellee; and, sixth, that immediately after the rendi- tion of the judgment, William E. Shul, a Constable of Bal- timore City, "attempted under the judgment, to evict and put away from the stall, the appellant, to the great detriment of her business, and to her inconvenience."

The prayer of the bill is: first, that the bill of sale and judgment be declared null and void; second, that the defend- ants be enjoined from interfering with the possession of the

stall; third, that an injunction be granted restraining the defendants or any other person from interfering with her peaceful and quiet possession of the stall; and, fourth, a prayer for general relief.

Subsequently, on the 12th of January, 1909, the defendant, Morris Novickow, answered the bill, wherein he avers, that the appellant until January 6th, 1909, occupied the stall in controversy as the appellee's tenant, that on the last named date, she was legally ejected under a writ of restitution and the appellee put in lawful possession of the stall, and still holds possession of it. He denies that the stall is the property of the estate of Jonas Cooper, deceased, but, avers that he has owned the same, since the 26th of December, 1895, the date of the bill of sale. He admits the averments of paragraph three of the bill, and further states, that he paid M. J. Scoggins, of Baltimore City, for his sister, the consideration of $300 and that the appellant executed the bill of sale selling the stall to him, and agreed (which agreement is incorporated in the bill of sale) to remain in possession and to pay the sum of $1.50 rent per week, but that she has failed to comply with the contract, in every respect. He further positively avers, that the bill of sale was duly executed by the appellant, that it was signed, sealed and acknowledged by her before Thomas C. Bailey, a Justice of the Peace, and was duly witnessed by him. He, also denies, the allegations of fraud and misrepresentation charged in the fifth paragraph of the bill, but admits the obtention of the judgment for restitution of the stall and the execution of the same by the constable.

The general replication was filed to the answer and testimony was taken on both sides. And from a decree of the Circuit Court for Baltimore City, passed on the 14th of July, 1909, dismissing the plaintiff's bill, this appeal has been taken.

We are of opinion, after a careful examination of the testimony set out in the record, in this case, that the proof

fails to sustain the allegations of the plaintiff's bill and the Court below committed no error, in dismissing the bill.

The uncontradicted testimony of the witness, McRae, the Market Master, was to the effect, that on the 26th of December, 1895, the plaintiff was the holder of the stall here in question, that according to the official records of the holders of the different markets, in the Comptroller's office of Baltimore City, M. J. Scoggins appears to have transferred the stall, to Anna Cooper, the plaintiff, on December 24th, 1895, and this entry was made in pursuance to an order of the Mayor and City Council of Baltimore. He, also, testified, that the stall according to the record of entry of the stall, in the Comptroller's office, this stall originally belonged the following in order: to Solomon Phillipps, Jonas M. Cooper, Old Town Bank, S. R. Scoggins, M. J. Scoggins, Anna Cooper; that Jonas Cooper, according to the books, did not own the stall on the 24th of December, 1898, and there were three owners of the stall between Jonas Cooper, and the plaintiff, Anna Cooper.

The witness Byles, a clerk of the Belair Market, testified, that according to the record book of Belair Market Anna Cooper, appears to be the "rightful owner" of the stall.

There was also testimony to the effect that the plaintiff was the last holder of the stall and was the present owner of the license in December, 1908, and that she had been trading at the stall for the past ten years.

The plaintiff's testimony that the stall was the property of Jonas Cooper, her deceased husband and not her property is not supported by the evidence. On the contrary, it is not only contradicted by the Record evidence, but by the direct testimony of other witnesses in the case.

Besides this, the appellant was and had been in the possession of the stall prior to the date of the bill of sale, and had such a title to it as could be transferred by bill of sale. At least, she is not, under the facts of this case, in a position to assert an adverse holding as against the appellee.

In *Rose* v. *Baltimore,* 51 Md. 256, this Court said: The
purchase of these stalls in a public market like the purchase
of·a pew in a church, does not confer on the purchaser an ab-
solute property but a qualified right only.    The right ac-
quired is in the nature of an easement in, not a title to, a
freehold in the land, and such right or easement is limited in
duration to the existence of the market and is to be under-
·stood as acquired subject to such changes and modifications
in the market, during its existence as the public needs may
require.    The purchase confers an exclusive right to occupy
the particular stalls, with their appendages, for the purpose
of the market and none other.

In the *Border State Saving Inst.* v. *Wilcox,* 63 Md. 525,
it is said: It is a valuable right. It is transferable—an aliena-
ble right.    It is a species of property which, in practice, it
seems, is used as collateral security for loans.    And in *Green*
v. *Western Nat. Bank,* 86 Md. 290, it was held, that a mar-
ket stall was an interest issuing out of the realty of determin-
able duration, such as a term of years, for which it may be
granted or during the existence of the market.    It is a chattel
real and personal property, and therefore liable for the debts
of the owner and subject to seizure and sale under a *fieri
facias.    Hatch* v. *Pendergast,* 15 Md. 259; 2 *Blackstone*
386; 2 *Tidds Practice* 1039; *Pfefferling* v. *M. & C. C. of
Balto.,* 88 Md. 4.

As regards the second question, that the plaintiff never
executed the bill of sale nor by anyone with her consent, we
think, there can be no serious doubt.

There is no evidence whatever of the forgery of the signa-
ture of the plaintiff to the bill of sale, except the testimony
of the plaintiff herself, that she did not owe the money and
did not make her mark to the signature Anna Cooper, as wit-
nessed by the Justice of the Peace.    In this, she is flatly con-
tradicted by the witness Max Marcks and the defendant, both
·of whom were present, in the office of the Justice of the
Peace, at the date of the transaction and who testified, that
the Justice of the Peace wrote her name to the bill of sale,

and "she touched the pen." This being the nature and character of the testimony, it is clear, we think, that the plaintiff has failed to discharge the burden of proof, resting upon her to establish the fact, that she did not sign, seal and acknowledge the bill of sale, according to the certificate attached to it, by the Justice of the Peace and that her signature thereto was a forgery.

Nor do we find any evidence in the record, to sustain the allegations of the fifth paragraph of the bill of complaint, that the judgment obtained before Wm. V. Cook, J. P., on the 15th day of December, 1908, by the appellee against the appellant for the possession of the stall, and a certain amount of rent due, was rendered through false representations and fraud.

It appears, from the record, that this judgment, "*Morris Novickow* v. *Anna Cooper,* Stall 7, Fish Market, Belair Market, Docket A, No. 226," is now pending, on appeal from the Magistrate, in, the Baltimore City Court, and as far as this record shows, has not been disposed of. Whatever defense the plaintiff here, may have, or can present to this judgment, can be availed of and asserted in that Court. It is quite clear, that a Court of Equity will not, under the circumstances of this case, grant the relief, here asked, even if sustained by proof, because otherwise there would be no end to litigation. *Maryland Steel Co.* v. *Marney,* 91 Md. 361; *Park Asso.* v. *Shartzer,* 83 Md. 12.

There are other objections to the bill which apply to all the relief sought, which might be pointed out, but it is not necessary to do so. It is manifest, the bill does not comply with those requirements necessary to entitle the appellant, to an injunction. It could not be granted to restrain the execution of the judgment, because according to the uncontradicted evidence, the warrant of summary ejectment issued on the judgment had been executed before the institution of these proceedings and the property turned over to the plaintiff. From this proceeding, the plaintiff appears to have appealed.

and about the same time, filed this bill in equity, after the proceedings under the judgment.

These views, we think, cover all the material questions presented by the appeal, and as the plaintiff has failed to make out a case entitling her to the relief asked by the bill, we think, the Court below, was entirely correct in dismissing the bill.

*Decree affirmed with costs.*