S. CHRISTIAN CHASE, Plaintiff

v.

AFRICAN METHODIST EPISCOPAL CHURCH, Inc., Trustee,
and ST. LUKE'S A.M.E. CHURCH, Cestui, et al.,
Defendants

Civil No. 1-1938

District Court of the Virgin Islands

Div. of St. Croix at Fredericksted

April 12, 1938*

*For appeal, by plaintiff, from final decree and order adjudging costs in this case, see 2 V.I.

---

GEORGE H. T. DUDLEY, Esq., Christiansted, *for plaintiff*
R. H. A. LEADER, Esq., Frederiksted, *for defendant*

HASTIE, *Judge*

This proceeding is a suit to declare and foreclose an equitable lien on certain real property. The defendant, St. Luke's A.M.E. Church, has demurred to the complaint. The important question which arises on the demurrer is whether facts sufficient to create an equitable lien are alleged in the complaint.

The essential allegations of the complaint are, in substance, as follows:

The defendant, African Methodist Episcopal Church (hereinafter called the parent church), is a foreign religious corporation. The defendant, St. Luke's A.M.E. Church (hereinafter called the local church), is an unincorporated religious association of more than seven members conducting its activities at Grove Place, St. Croix. The plaintiff, Christian Chase, was employed, at the times now material, by the parent church to carry on its work at Grove Place. Pursuant to this arrangement, the plaintiff obtained a gift of land at Grove Place to the "Missionary Department" of the parent church in trust

for the local church, and for the particular purpose of erecting a place of worship for the use of the members of the denomination in the Virgin Islands. Thereafter, the parent church authorized the plaintiff to solicit funds for the proposed construction. The local church directed the plaintiff to proceed with the construction for its benefit. During the course of this endeavor the plaintiff loaned $1,400.65 of his own money to the local church for building purposes and applied the money to the construction of the edifice. His action was formally approved by the local church. Subsequently and before the completion of the improvements the parent church revoked the plaintiff's appointment. Thereafter, he made unsuccessful demands on the parent and local churches for reimbursement, and now he prosecutes this suit.

■ The plaintiff's claim of an equitable lien is not based upon any promise to give security or any agreement that the obligation to repay the loan be a charge upon the church property. Thus, the lien, if existent, must be such a one as on occasion "is declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings in the particular case." See Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409, where the general nature of this doctrine is discussed.

■ ■ It is clear that an understanding or agreement of the parties that money loaned is to be used by the borrower for the improvement of his property does not suffice to create an equitable lien in favor of the lender on the property thus improved. Shooters Island Shipyard Co. v. Standard Shipbuilding Corporation et al. (C.C.A.3d) 293 Fed. 706; Taylor v. Baldwin, 10 Barb. (N.Y.) 626. In the latter case, the court said:

"The law has not applied the same general rule (the rule that a vendor has a lien on the property sold) to

claims for advances made by one for repairs and improvements of premises owned in whole or in part by others, and made such advances a lien on the premises improved. It is only under special circumstances that such lien has been allowed, and these circumstances must be shown by the party asserting the lien . . . The lien is spoken of as existing in particular cases by reason of circumstances peculiar to them, rather than as existing as a general rule in all ordinary cases of advances of this character, and in this respect it differs from the lien of a vendor, for purchase money . . . The claim that a lien exists upon the property benefited, for advances made for improvements without a special contract or some special circumstances giving to the party in advance peculiar equities, is not supported by any authority."

■ The present complaint reveals certain special circumstances connected with the improvement loan alleged to have been made by the plaintiff. The loan was made to an unincorporated church. The membership of the church may change from day to day. The practical difficulties of asserting a claim against such a fluctuating group in an action at law are serious. The church membership now is not likely to be identical with the membership at the time the loan was made and approved. Other changes will in all probability occur before this action is concluded. Moreover, the complexities of the title to the church property — allegedly held by the Missionary Department of the parent church for the local church, which in turn is represented by trustees — make any legal execution thereon difficult. Such difficulties of determining the parties defendant and the unsatisfactory character of the legal remedy against them have been recognized as a proper basis for the imposition of an equitable lien upon the property benefited by an advance of money. Society of Shakers at Pleasant Hill et al. v. Watson et al. (C.C.A.

411

6th) 68 Fed. 730; cf. Perry v. Board of Missions, 102 N.Y. 99, 6 N.E. 116.

It is also to be considered in the present case that at the time of the loan the plaintiff was in charge of the religious work at Grove Place and was supervising the improvements of the church property. So long as this relationship continued the plaintiff could rely upon his own ability and industry in the management and direction of the religious and business activities of the church as a factor of great importance in assuring the repayment of his loan. By revoking his appointment during the course of the improvement work and before the loan was repaid, the parent church destroyed this advantage which he reasonably contemplated in connection with the repayment of his advances.

No outsiders are involved in the present case. The question is merely whether the situation as pleaded is such as to give the plaintiff an equitable claim against specific property, or whether he must be left to assert his claim in a personal action against the church membership. It is the opinion of the court that the equities alleged in the complaint are such that the plaintiff may assert his claim as a charge impressed upon the title of the improved property of the defendants and thus take advantage of a procedure better adapted than an action of debt to the achievement of justice between the plaintiff and the defendants.

The demurrer is accordingly overruled. The defendant St. Luke's A.M.E. Church will be allowed to plead over on or before the 23rd day of April, 1938.